IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CRYSTALEE PROTHEROE,**

    **Plaintiff,**

    **v.**                                                      Case No. 16-2325-CM

**DEPARTMENT OF DEFENSE, et al.,**

    **Defendants.**

## MEMORANDUM & ORDER

Pro se plaintiff Crystalee Protheroe filed suit against defendants Department of Defense and Secretary of the Air Force/Inspector General ("the federal defendants"), and the Kansas National Guard, General Lee E. Tafaneli, General Jay Selander, and Colonel William Heiffner ("the Kansas Guard defendants") for declaratory, injunctive and monetary relief resulting from her alleged wrongful non-selection for reenlistment in the Kansas Air National Guard.

Both the Kansas Guard and federal defendants filed motions to dismiss (Docs. 19 and 27). The Kansas Guard moved for dismissal with prejudice. Plaintiff failed to timely respond to either motion and was ordered by this court to show cause as to why she had not responded, and to file her response to defendants' motions. (Doc. 31). Instead of filing a response—even after the court granted a time extension to do so—plaintiff filed her own motion to dismiss (Doc. 36) asking this court to dismiss the case without prejudice. The federal defendants did not object to plaintiff's motion (Doc. 37), however, the Kansas Guard defendants filed a response requesting again that the court dismiss the complaint with prejudice (Doc. 38). Because plaintiff failed to respond to defendants' motions to dismiss, the court may consider defendants' motions as uncontested pursuant to D. Kan. Rule 7.4(b).

**I.**     **Background**

Plaintiff's complaint consists of a pro se civil cover sheet and a letter addressed to the Air Force Board of Military Corrections. In the civil cover sheet, plaintiff alleges her career was ruined because she was discriminated and retaliated against. She claims the court has federal jurisdiction under 10 U.S.C. § 1034, 28 U.S.C. § 1341, 5 U.S.C. § 3204, 5 U.S.C. § 1221, 32 U.S.C. §§ 362 and 328, and K.S.A. §§ 44-1133 and 1132.

Within the letter addressed to the Air Force Board of Military Corrections, plaintiff alleges generally that, just prior to her enlistment renewal, she was notified by her commander that she was being placed on a performance development plan. Because she felt she was denied adequate reasoning for her poor performance, she began sending complaints to her commander citing specific areas, guidelines, and directives he was failing to meet, many dealing with the Guard's treatment of victims of domestic violence. Plaintiff claims that as she began filing complaints, she was increasingly subjected to punitive personnel actions, hostility, and discrimination. She was eventually "non-selected" for reenlistment.

## II. Legal Standards

Defendants moved to dismiss plaintiff's complaint under Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Rule 12(b)(1) provides for dismissal when a court lacks subject matter jurisdiction over a case. Federal courts are courts of limited jurisdiction and must have a statutory basis to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Thus, a federal court only has jurisdiction over a civil action arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. "Jurisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied." *Montoya*, 296 F.3d at 955.

### III. Analysis

Plaintiff, proceeding pro se, filed an unconventional complaint in the form of a letter addressed to the Air Force Board of Military Corrections in which she outlined her grievances against defendants. A court must liberally construe a pro se complaint and apply "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may not, however, supply "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

As noted above, plaintiff asserts this court has jurisdiction over her claims based on a number of federal statutes and two Kansas statutes. Her claims, however, are based mainly on her accusations of retaliatory discharge for filing complaints regarding the Guard's failures in dealing with victims of domestic violence.

Retaliatory discharge is actionable in Kansas if an employee is able to demonstrate that she falls within one of the exceptions to the employment-at-will doctrine. *See Goodman v. Wesley Medical Center, L.L.C.*, 78 P.3d 817, 821 (Kan. 2003). The Kansas Supreme Court has recognized termination for whistleblowing as one of these exceptions. *See Palmer v. Brown*, 752 P. 2d 685, 689 (Kan. 1988). To establish a retaliatory discharge claim for whistleblowing, a plaintiff must prove: (1) a reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; (2) the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and (3) the employee was discharged in retaliation for making the report." *Id.*

There are also remedies for retaliatory discharge under federal law. Plaintiff cites various statutory provisions she claims provide a federal cause of action for retaliatory discharge. None of the cited provisions, however, create a private cause of action. Plaintiff cites, among others, the Whistleblower Protection Act, 5 U.S.C. § 1221, and 10 U.S.C. § 1034, which protects members of the armed forces from retaliatory action based on communications with a Member of Congress or the Inspector General. While these provisions do protect against retaliatory discharge, both establish only an administrative remedy rather than a private cause of action. And, notably, the Whistleblower Protection Act does not apply to non-civilian military personnel.

Because plaintiff has failed to state a claim under any actionable federal statute, no federal question jurisdiction exists. And to the extent that plaintiff may have stated a claim for retaliatory discharge under Kansas law, she has failed to plead any facts to establish diversity jurisdiction. The court, therefore, has no authority to hear plaintiff's case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.).

**IT IS THEREFORE ORDERED** that defendants' Motions to Dismiss (Doc. 19) and (Doc. 27) are granted.  Plaintiff's complaint, however, is dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss (Doc. 36) is denied as moot.

This case is closed.

Dated March 28, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**